IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBORAH CABOT,

      Plaintiff,

vs.                                                                    No. CIV 11-0260 JB/RHS

WAL-MART STORES, INC. and,
JOHN DOES 1-10,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Motion to Modify Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, filed December 12, 2011 (Doc. 43)("Motion to Modify"); and (ii) the Plaintiff's First Motion to Compel, filed December 12, 2011 (Doc. 45)("Motion to Compel").  The Court held a hearing on January 23, 2012.  The primary issues are: (i) whether the Court should modify the scope of Defendant Wal-Mart Stores, Inc.'s subpoena to produce documents relating to Plaintiff Deborah Cabot's expert; (ii) whether the Court should compel production of customer grievances or complaints filed against Wal-Mart at its Edgewood, New Mexico location; (iii) whether the Court should require Wal-Mart to provide a more specific privilege log regarding communications it has made that discuss the current lawsuit and/or Cabot; (iv) whether the Court should compel production of certain incident and/or accident reports Wal-Mart generated at its Edgewood location; (v) whether the Court should  compel Wal-Mart to produce for its Edgewood location maintenance and repair records covering the area where the alleged slip-and-fall occurred; and (vi) whether the Court should compel Wal-Mart to produce internal manuals, policies, and procedures that address remediation

of hazards and foreign objects on the store premises.  The Court will grant the Motion to Modify in part and deny it in part, and will grant the Motion to Compel in part and deny the Motion to Compel in part.  The Court will require Russell J. Kendzior, one of Cabot's experts, to provide the information Wal-Mart has requested in its subpoena, other than publicly available materials, but will limit the scope of those requests to which he has not already responded to three years before the filing of the lawsuit and to other cases involving slips, trips, and falls as well as to incidents involving mats.  The Court will also require Kendzior to indicate on the description of previous cases in which he has been involved whether he provided trial testimony or testified in any depositions.  The Court will require Wal-Mart to produce all documents or tangible things identifying and describing all grievances or complaints relating to trips, slips, and falls that any customer has filed against the Wal-Mart in Edgewood for the three years preceding the incident underlying this case.  The Court will require Wal-Mart to provide more detailed responses regarding the nature of the underlying documents listed in the disputed portions of the privilege log.  The Court will require Wal-Mart to produce true and correct copies of any and all incident and/or accident reports regarding slips, trips, and falls at the Wal-Mart in Edgewood for the three years preceding the incident underlying this lawsuit.  The Court will require Wal-Mart to produce any documents or tangible items that reflect any maintenance or repairs which were done to the entrance/vestibule where the incident at issue in this lawsuit occurred following her fall and through the present date.  Pursuant to the parties' agreement at the hearing, the Court will require production within ten days of entry of this order of any remaining responsive documents to Cabot's request for all practices, manuals, rules, regulations, policies and/or procedures for identifying, correcting, and/or providing warnings for hazardous areas, or foreign objects in and around the premises.

## PROCEDURAL BACKGROUND

On March 3, 2011, Cabot filed her Complaint for Personal Injuries.  See Doc. 1-1 ("Complaint").  She alleges that she was in Wal-Mart's store walking about with her walker and "tripped on an entrance mat that was inadequately attached to the floor and had worn duct tape loosely affixed to its edges."  Complaint ¶ 9, at 4.  She brought a claim for negligence and also seeks punitive damages for reckless conduct.  See Complaint at ¶¶ 20-31, at 5-6.  Wal-Mart removed the case to federal court on March 24, 2011.  See Notice of Removal at 1 (Doc. 1).

On November 29, 2011, Wal-Mart subpoenaed Kendzior, one of Cabot's experts, seeking production of documents in relation to his current work as an expert and in relation to former work he has done as an expert.  See Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action at 1 (dated November 29, 2011), filed December 12, 2011 (Doc. 43-1)("Subpoena").  Wal-Mart requested the following documents from Kendzior:

1. Any and all documents or items reviewed or relied upon in generating the preliminary expert report provided on November 28, 2011;

2. Your entire file regarding this matter;

3. All invoices to the Adam Funk [sic] and the Branch Law Firm for this matter;

4. A listing of all your deposition testimony, including the case name, cause no. and state the lawsuit took place in as well as whether you were testifying on behalf of the Plaintiff or Defendant;

5. Copies of all your deposition transcripts;

6. A listing of all your trial testimony, including the case name, cause no. and state the lawsuit took place in as well as whether you were testifying on behalf of the Plaintiff or Defendant;

7. A copy of all reports authored by you;

8. A copy of any article authored by you;

9.      A copy of any lecture authored by you;

10.     A copy of any presentation by you;

11.     A copy of "Slip and Fall Prevention Made Easy' [sic]

12.     A copy of "Falls Aren't Funny";

13.     A copy of the materials used in the lectures and presentations referenced in
        the list you provided with your report (<u>attached</u>)

Subpoena at 4.

On December 12, 2011, Cabot filed her Motion to Modify.  She contends that production of

the documents request in the Subpoena is unduly burdensome for her expert.  <u>See</u> Motion to Modify

at 1-2.  She states that she does not oppose production of responsive document to Items 1 through

6.[1]  <u>See</u> Motion to Modify at 2.  She argues, however, that forcing her expert to produce responsive

documents to Items 7 through 13 would be unduly burdensome.  <u>See</u> Motion to Modify at 2.  She

also asserts that "the requested items are irrelevant to the case in question and therefore should not

have been requested."  Motion to Modify at 3.  She also asserts that "many of the documents

requested are publicly available to Defendant."  Motion to Modify at 3.

On December 30, 2011, Wal-Mart filed its response to the Motion to Modify.  <u>See</u> Defendant

Wal-Mart's Response to Plaintiff's Motion to Modify or Amend Subpoena (Doc. 58)("Response to

Motion to Modify").  Wal-Mart notes that it "offered to narrow the scope of the materials requested

to those from within the previous 5 years."  Response to Motion to Modify at 3.  Wal-Mart notes

that Kendzior will "offer an opinion regarding the safety of the mat at issue in this case."  Response

to Motion to Modify at 1.  It states that he "is an experienced expert witness having been involved

---

[1]In her Motion to Modify, Cabot refers to the numbered items by letter rather than by number.  <u>See</u> Motion to Modify at 2.  Because Wal-Mart originally used numbers rather than letters, the Court will refers to these items by number rather than by letter.

with over 100 cases." Response to Motion to Modify at 1-2 (citing List of Cases, filed December 30, 2011 (Doc. 58-2)). It asserts that he "also regularly presents as an expert on safety and falls." Response to Motion to Modify at 2 (citing Publications and Presentations, filed December 30, 2011 (Doc. 58-3)). Wal-Mart contends that Kendzior's expert report fails to provide a complete explanation for the basis of his opinions, because it asserts that he "intends to rely at least in part on his experience and prior research." Response to Motion to Modify at 2. Wal-Mart asserts that the documents it has subpoenaed are relevant for purposes of rebutting Cabot's arguments and evidence. See Response to Motion to Modify at 2. Wal-Mart asserts that Cabot's contention that the requested documents are publicly available "is without merit since the materials requested are of the kind typically held and maintained by an experienced expert and regular presenter like" Kendzior. Response to Motion to Modify at 2. Wal-Mart argues that Cabot has not conferred in good faith to resolve this dispute or provided her reason for refusing to agree to the requested modification. See Response Motion to Modify at 3.

On January 9, 2012, Cabot filed her Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Modify or Amend Subpoena. See Doc. 64 ("Reply to Response to Motion to Modify"). Cabot asserts that Wal-Mart's Response to Motion to Modify is untimely. See Reply to Response to Motion to Modify at 1-2. Alternatively, Cabot argues that Wal-Mart does not address the issue of undue burden and asserts in a conclusory manner that "the materials requested are of the kind typically held and maintained by an experienced expert and regular presenter." Reply to Response to Motion to Modify at 2. Cabot emphasizes that Wal-Mart "requested all of Mr. Kendzior's reports he has ever authored, all articles he has ever written, all presentations he had ever conducted including any material he may have used, and a copy of publicly available books." Reply to Response to Motion to Modify at 2.

-5-

On March 23, 2011, Cabot filed her Plaintiff's First Requests for Production and Requests for Admission to Defendant Wal-Mart Stores, Inc.  <u>See</u> Motion to Compel at 1; Doc. 45-1 ("RFP"). RFP No. 4 asks Wal-Mart to "[p]roduce all documents or tangible things identifying and describing all grievances or complaints that have been filed against the Wal-Mart in Edgewood, NM by any customer for the past five (5) years."  RFP No. 4, at 6.  RFP No. 8 asks Wal-Mart to "[p]rovide any and all correspondence, information and documentation between you and all your insurance carriers regarding the facts and allegations which are the subject of this lawsuit."  RFP No. 8, at 7.  RFP No. 9 asks Wal-Mart to "[p]rovide any and all written correspondence regarding Deborah Cabot and her representative, including but not limited to e-mail and information stored on your computer."  RFP No. 9, at 7.  RFP No. 14 asks Wal-Mart to "[p]roduce true and correct copies of any and all incident and/or accident reports for the last five (5) years pertaining to the Wal-Mart in Edgewood, NM where the premises are located, including but not limited to those related to Plaintiff."  RFP No. 14, at 8.  RFP No. 15 asks Wal-Mart to "[p]roduce any documents or tangible items which reflect any maintenance or repairs that were done to the premises where Plaintiff fell following her fall and through the present date."  RFP No. 15, at 9.  RFP No. 16 asks Wal-Mart to: "Produce all practices, manuals, rules, regulations, policies and/or procedures for identifying, correcting, and/or providing warnings for hazardous areas, or foreign objects in and around the premises.  Provide both those that were in effect in July 2010 as well as all updates that have occurred through the present date."  RFP No. 16, at 9.

On July 11, 2011, Wal-Mart filed its Defendant Wal-Mart Stores East, L.P.'s Responses to Plaintiff's First Request for Production and Requests for Admission.  <u>See</u> Doc. 45-2 ("Response to Request for Production").  Wal-Mart objected to RFP No. 4 as: (i) overly broad; (ii) not reasonably calculated to lead to the discovery of admissible evidence; and (iii) improper in that it seeks to

obtain documents protected "by the attorney client privilege and/or attorney work product doctrine." Response to Request for Production at 3-4.  Wal-Mart agreed to "produce a reasonably limited claims run report upon entry of a Confidentiality Agreement."  Response to Request for Production at 4.  Wal-Mart objected to RFP No. 8 as: (i) overly broad; and (ii) improper in that it seeks to obtain documents protected "by the attorney client privilege and/or attorney work product doctrine." Response to Request for Production at 4.  Wal-Mart objected to RFP No. 9 as: (i) overly broad; and (ii) improper in that it seeks to obtain documents protected "by the attorney client privileged and/or attorney work product doctrine."  Response to Request for Production at 5.  Wal-Mart objected to RFP No. 14 as: (i) overly broad; and (ii) not reasonably calculated to lead to the discovery of admissible evidence.  Response to Request for Production at 6.  Wal-Mart agreed to "produce a reasonably limited claims run report, upon the entry of a Confidentiality Agreement."  Response to Request for Production at 6.  Wal-Mart objected to RFP No. 15 as: (i) overly broad; (ii) "not limited to the claims in Plaintiff's Complaint"; and (iii) vague and ambiguous.  Response to Request for Production at 6-7.  Wal-Mart objected to RFP No. 16 as: (i) overly broad; (ii) not reasonably calculated to lead to the discovery of admissible evidence; and (iii) vague and ambiguous.  See Response to Request for Production at 7.  Wal-Mart agreed to produce responsive document subject to entry of a confidentiality agreement.  See Response to Request for Production at 7.

On December 12, 2011, Cabot filed her Motion to Compel.  She argues that Wal-Mart's response to her RFP Nos. 4, 8, 9, 14, 15, and 16 are inadequate and improper.  See Motion to Compel at 1.  Regarding the response to RFP No. 4, Cabot argues that Wal-Mart, following the execution of a confidentiality agreement, "produced a report of claims which listed one entry -- Plaintiff's lawsuit."  Motion to Compel at 2.  Cabot wrote a letter to Wal-Mart attempting to resolve the dispute and mentioned that a "cursory search of lawsuits involving Wal-Mart in New Mexico

showed over 100 cases in state and federal courts."  Letter from Adam T. Funk to H. J. Jacobus and

Tiffany Roach at 2 (dated November 30, 2011), filed December 12, 2011 (Doc. 45-3)("Letter").

Cabot requests that the Court compel an answer to RFP No. 4 and asserts that it is entitled to this

information for the purposes of showing notice to Wal-Mart.  See Motion to Compel at 4.

Regarding RFP Nos. 8 and 9, Cabot contends that the privilege log that Wal-Mart has provided does

not provide an adequate "description of the documents asserted as privileged" in that the log

"mentions the type of document but fails to describe the true nature of the document."  Motion to

Compel at 4.  Cabot requests that the Court compel Wal-Mart to amend its privilege log so that she

can properly determine whether the listed documents are privileged.  See Motion to Compel at 4.

Regarding RFP No. 14, Cabot notes that Wal-Mart produced in its report of incidents that occurred

within the entrance/vestibule area of the store where Cabot was injured only "one entry -- Plaintiff's

trip and fall."  Motion to Compel at 5.  Cabot requests that the Court compel Wal-Mart to fully

respond to this request for production.  See Motion to Compel at 5.  Regarding RFP No. 15, Cabot

asks the Court to compel Wal-Mart to produce responsive documents to this request on the basis that

she may need this information "to prove that maintenance was feasible and the injuries sustained

by Plaintiff could have been prevented."  Motion to Compel at 6.  Regarding RFP No. 16, Cabot

asks the Court to compel production of certain manuals it has not yet received, but that are

mentioned in other materials Wal-Mart has produced, specifically a "Safety Binder" and "Safety

Action Plan."  Motion to Compel at 7.

On December 30, 2011, Wal-Mart filed its Defendant Wal-Mart's Response to Plaintiff's

First Motion to Compel.  See Doc. 60 ("Response to Motion to Compel").  Wal-Mart argues that

Cabot's Motion to Compel is untimely.  See Response to Motion to Compel at 1.  It further contends

that Cabot seeks information outside the permissible scope of discovery.  See Response to Motion

to Compel at 1-2.  Regarding RFP Nos. 4 and 14, Wal-Mart argues that Cabot's request for

"complaints and grievances" is vague and unclear and not limited in any way to similar claims.

Response to Motion to Compel at 3.  It makes the same argument regarding Cabot's request for

incident and accident reports.  See Response to Motion to Compel at 3.  It contends that Cabot "has

failed to offer any explanation for the relevancy of any further expansion of this response."

Response to Motion to Compel at 3.  Regarding RFP No. 15, Wal-Mart argues that it is unclear what

Cabot means when she asks for information regarding maintenance and repairs "done to the

premises."  Response to Motion to Compel at 3.  It further asserts that the request is not limited to

repairs or maintenance related to the injuries she has suffered.  See Response to Motion to Compel

at 3-4.  Regarding RFP No. 16, it argues that the requested manuals are not responsive, but agrees

to produce the Safety Binder.  See Response to Motion to Compel at 4.  Regarding RFP Nos. 8 and

9, Wal-Mart contends that the privilege log is adequate.  See Response to Motion to Compel at 4-5.

On January 5, 2012, Cabot filed her Plaintiff's Reply to Defendant's Response to Plaintiff's

First Motion to Compel.  See Doc. 62 ("Reply to Response to Motion to Compel").  Cabot argues

that Wal-Mart's Response to Motion to Compel is untimely.  See Reply to Response to Motion to

Compel at 1-2.  Regarding RFP Nos. 4 and 14, Cabot contends that it is entitled to reports regarding

incidents anywhere in the store, because those incidents could show notice to Wal-Mart.  See Reply

to Response to Motion to Compel at 2.  Cabot "concedes that she does not require complaints about

'assaults in the parking lot' or other dissimilar incidents," but requests all "documents related to

slips, trips, and falls."  Reply to Response to Motion to Compel at 2.  Cabot contends that Wal-Mart

has without reason refused to respond to RFP No. 15, which covers maintenance and repairs since

the date of the incident in the location where she suffered her alleged injuries.  See Reply to

Response to Motion to Compel at 2-3.  Regarding RFP No. 16, Cabot asserts that Wal-Mart has not

-9-

yet produced the Safety Binder and, in order to prepare for an upcoming deposition, requests that the Court compel production of the Safety Binder by January 9, 2012. See Reply to Response to Motion to Compel at 4. Regarding RFP Nos. 8 and 9, Cabot asserts that the privilege log does not provide an adequate description of the contents of the respective documents or the nature of the communications involved. See Reply to Response to Motion to Compel at 4.

At the hearing on January 23, 2012, the Court stated it was inclined to agree with Wal-Mart's requested limitation regarding the subpoena seeking production of documents from Kendzior, because the current request improperly shifted too much of the burden on obtaining the requested evidence to Cabot. See Federal Digital Tape Recorder at 9:04:53-05:40 (January 23, 2012)(Court)("FTR"). Cabot agreed with the Court's assessment of the situation, particularly given the lack of time limitations on the request. See FTR 9:06:08-06:50 (Funk). Cabot also noted that some of the requested information is publicly available. See FTR 9:06:50-07:15 (Funk). Cabot suggested that there be a three-year time limitation from the date of the Court's entry of the order on the requested Items 7 through 10 and 13, and restrictions on the subject matter of the request to material from similar cases involving trips over mats. See FTR 9:07:20-08:30, 9:09:06-09:35 (Funk). As to Items 11 and 12, Cabot requested that the Court not require production of those items, because they are publicly available. See FTR at 9:09:43-10:02 (Funk). Wal-Mart requested a limit on the time frame to five years. See FTR 9:12:55-13:50 (Langenwalter). Wal-Mart agreed that it would not be necessary to have Cabot produce any publicly available source, such as the requests in Items 11 and 12. See FTR 9:13:50-14:10 (Langenwalter). It noted, however, that much of the requested information would not be publicly available. See FTR 9:14:10-14:25 (Langenwalter). The Court suggested having the time limitation run from the date of the filing of suit, and the parties agreed to this limitation. See FTR 9:14:50-15:20 (Court, Funk, Langenwalter). Wal-Mart requested

that the Court require Cabot to have Kendzior indicate, on some of the material produced in response to the requests for Items 1 through 6, whether he had provided testimony and at what stage of the litigation he provided this testimony.  <u>See</u> FTR 9:15:20-15:59 (Langenwalter).  Cabot agreed to provide this information.  <u>See</u> FTR 9:16:07-16:20 (Funk).  The Court also recognized that the subject matter of the requests would also be limited to incidents involving slips-and-falls and mats, to which Wal-Mart agreed.  <u>See</u> FTR 9:16:18-16:45 (Funk, Court, Langenwalter).

Regarding RFP No. 4, the Court stated that its inclination was to narrow the request to complaints and grievances regarding injuries in the entrance/vestibule area.  <u>See</u> FTR 9:18:00-18:49 (Court).  Cabot responded that she was amenable to limiting the request to trips, slips, and falls throughout the store given that there are carpets and mats throughout the store.  <u>See</u> FTR 9:18:50-19:34 (Funk).  Wal-Mart asserted that the request should be limited to incidents involving mats and any trips, slips, and falls in the entrance/vestibule area.  <u>See</u> FTR 9:19:38-20:27 (Langenwalter, Court).  Cabot responded that there is potentially a larger issue of non-responsiveness at the store given the length of time it took Wal-Mart employees to respond to the incident and the mat's poor condition.  <u>See</u> FTR 9:20:28-21:19 (Funk).  Wal-Mart then requested a time limit of three years on this information but continued to object to incidents involving more than mats or accidents in the entrance/vestibule area.  <u>See</u> FTR 9:21:21-22:20 (Langenwalter).  Cabot agreed to a three-year limitation.  <u>See</u> FTR 9:22:24-22:32 (Funk).  The Court stated that it believed that Cabot had made a showing that these other incidents involving slips, trips, and falls within three years from the date of the accident could lead to admissible evidence.  <u>See</u> FTR 9:22:33-23:10 (Court).

Regarding RFP Nos. 8 and 9, the Court asked Cabot to point out a specific defect within the privilege log as an example.  <u>See</u> FTR 9:23:40-24:03 (Court).  Cabot emphasized that she has a need to know the nature of the document, specifically what it entails, to know whether it is privileged.

-11-

See FTR 9:24:04-24:38 (Funk). Cabot stated that the column on the privilege log regarding the type of document at issue is deficient and should contain more information regarding the nature of the document. See FTR 9:26:19-26:39 (Funk). The Court asked for clarification that entries/tabs 3 and 4 in the privilege log were the only ones that Cabot found deficient, and Cabot agreed that this assessment was correct. See FTR 9:26:38-26:54 (Court, Funk). Cabot elaborated that she wanted more information on what the listed documents are, such as if a document contains an evaluation of a claim for risk management purposes or for subsequent remedial measures. See FTR 9:27:35-27:55 (Funk). Wal-Mart responded that sufficient information is already available on the privilege log to identify the documents and that much of the underlying information is privileged. See FTR 9:28:00-32:02 (Langenwalter, Court). Cabot reiterated that she only wants a more detailed privilege log at this time and not the production of these documents. See FTR 9:32:07-33:00 (Funk). The Court then granted the request for a more detailed privilege log regarding a description of the nature of the claim search, such as whether it relates to claims Cabot has filed against Wal-Mart or other slip-and-fall cases she has filed in the past. See FTR 9:33:01-34:11 (Court). The Court left open the possibility that the nature of the claim search Wal-Mart conducted might be such that it includes privileged information; the Court stated that it would be willing to conduct an in camera review of the privilege log's description of the claim search if the search related to all claims Cabot has ever filed against any defendant. See FTR 9:33:01-35:13 (Court, Langenwalter). Regarding some of the case notes identified in the privilege log, the Court stated that Wal-Mart must provide a more specific description, including a description of the individual pages, of the documents without disclosing their contents in a way that would waive any privilege. See FTR 9:35:14-35:59 (Court). The parties stated that the Court's proposals were agreeable to them. See FTR 9:36:00-36:03 (Court, Funk, Langenwalter).

Regarding RFP No. 14, Cabot said that she would be willing to accept the same limitations the Court imposed regarding RFP No. 4 -- information from a three-year period before the accident related to all slips, trips, and falls at the Wal-Mart in Edgewood.  See FTR 9:36:28-36:45 (Funk). Wal-Mart responded that it would prefer a narrower disclosure, as the request could raise some confidentiality issues related to other claimants and the request asks for other incidents unrelated to mats.  See FTR 9:36:48-38:38 (Langenwalter).  Cabot said she would not oppose Wal-Mart redacting the names of claimants along with other sensitive information as long as she receives the accident reports.  See FTR 9:39:16-40:21 (Funk).  The Court stated that, in addition to permitting redactions to remove the names of claimants and other sensitive information, it would impose the same basic limits as it imposed in dealing with RFP No. 4; it also noted that Wal-Mart could present to the Court for in camera review any information it believed was privileged.  See FTR 9:40:22-41:05 (Court).  Wal-Mart requested a limitation on the information provided to the actual accident reports as opposed to other documents that may be associated with those accident reports.  See FTR 9:41:28-42:25 (Langenwalter).  The Court stated that it would impose this limitation and noted that how Wal-Mart responds to these accidents could lead to relevant evidence.  See FTR 9:42:32-43:06 (Court, Langenwalter).

Regarding RFP No. 15, Cabot asserted that she would be willing to limit her request for maintenance and repair records following the events giving rise to this lawsuit to any maintenance or repairs in the entrance/vestibule area of the store.  See FTR 9:43:27-44:13 (Funk, Court).  Wal-Mart requested clarification on what Cabot means when she asks for information related to maintenance and repair of the premises, specifically whether it applies only to mats or to the entire entrance/vestibule area, to which it received clarification that Cabot sought information related to the entire entrance/vestibule area.  See FTR 9:44:15-44:44 (Langenwalter, Court).  Wal-Mart then

-13-

agreed to Cabot's proposed limitation.  See FTR 9:44:44-44:46 (Langenwalter, Court, Funk).

Regarding RFP No. 16, Cabot stated that the parties can likely work out the issue between

themselves without Court intervention, to which Wal-Mart agreed.  See FTR 9:44:50-45:13 (Funk,

Court, Langenwalter).  The Court suggested that it could place a deadline in an order for production

of some of this responsive material.  See FTR 9:45:13-45:18 (Court).  The Court said that it would

put in a limit of ten days from entry of the order for production of the responsive documents.  See

FTR 9:45:40-45:51 (Court).

## RELEVANT LAW REGARDING DISCOVERY

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's

claim or defense."  Fed. R. Civ. P. 26(b)(1).   Information sought is relevant "if the discovery

appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P.

26(b)(1).  Federal courts have held that the scope of discovery under rule 26 is broad.  See Gomez

v. Martin Marietta Corp., 50 F.3d 1511, 1520 (10th Cir. 1995); Sanchez v. Matta, 229 F.R.D. 649,

654 (D.N.M. 2004)(Browning, J.)("The federal courts have held that the scope of discovery should

be broadly and liberally construed to achieve the full disclosure of all potentially relevant

information.").  The federal discovery rules reflect the courts' and Congress' recognition that

"mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."

Hickman v. Taylor, 329 U.S. 495, 507 (1947).  As a result, rule 26 "contemplates discovery into any

matter that bears on or that reasonably could lead to other matter[s] that could bear on any issue that

is or may be raised in a case."  Anaya v. CBS Broadcasting, Inc., 251 F.R.D. 645, 649-650 (D.N.M.

2007)(Browning, J.)(internal quotation marks omitted).

A district court, however, is not "required to permit plaintiff to engage in a 'fishing

expedition' in the hope of supporting his claim."  McGee v. Hayes, 43 F.App'x 214, 217 (10th Cir.

-14-

2002)(unpublished).  See Tottenham v. Trans World Gaming Corp., No. 00 Civ. 7697, 2002 WL 1967023, at *2 (S.D.N.Y. 2002)(Knapp, J.)("Discovery, however, is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." (internal quotation marks omitted)); Hardrick v. Legal Servs. Corp., 96 F.R.D. 617, 618 (D.D.C. 1983)(noting that courts do, and should, remain concerned about "fishing expeditions, discovery abuse and inordinate expense involved in overbroad and far-ranging discovery requests" (internal quotation marks omitted)).  "[B]road discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." Gomez v. Martin Marietta Corp., 50 F.3d at 1520 (internal quotation marks omitted).

Courts have recognized that, while it is true that relevance in discovery is broader than that required for admissibility at trial, "the object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." Zenith Electronics Corp. v. Exzec, Inc., No. 93 C 5041, 1998 WL 9181, at *2 (N.D. Ill. 1998).  Further, the information must be "reasonably calculated to lead to the discovery of admissible evidence." Zenith Electronics Corp. v. Exzec, Inc., 1998 WL 9181, at *2.  Courts have also recognized that "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." Zenith Electronics Corp. v. Exzec, Inc., 1998 WL 9181, at *2 (internal quotation marks omitted).

Rule 26, which once stated that a party may obtain discovery on any matter "relevant to the subject matter," Fed. R. Civ. P. 26(b)(1) (1999), was amended in 2000 to state that the material must be "relevant to the claim or defense of any party," Fed. R. Civ. P. 26(b)(1).  Under the 2000 amendment, however, "[f]or good cause, the court may order discovery of any matter relevant to

the subject matter involved in the action."  Fed. R. Civ. P. 26(b)(1).  The Advisory Committee

explained that the amendment was "designed to involve the court more actively in regulating the

breadth of sweeping or contentious discovery."  Fed. R. Civ. P. 26(b)(1) advisory committee note

to 2000 amendment (stating that the amendment was made with the intent "that the parties and the

court focus on the actual claims and defenses involved in the action").  The Advisory Committee

further explained:

> Under the amended provisions, if there is an objection that discovery goes beyond
> material relevant to the parties' claims or defenses, the court would become involved
> to determine whether the discovery is relevant to the claims or defenses, and, if not,
> whether good cause exists for authorizing it so long as it is relevant to the subject
> matter of the action.  The good-cause standard warranting broader discovery is meant
> to be flexible.

Fed. R. Civ. P. 26(b)(1) advisory committee note to 2000 amendment.

 Rule 34 requires a party on whom a request for production is served to "state . . . that

inspection and related activities will be permitted as requested, unless the request is objected to . . . .

If objection is made to part of an item or category, the part shall be specified and inspection

permitted of the remaining parts."  Fed. R. Civ. P. 34(b).  Rule 37 provides enforcement mechanisms

for rule 34.  According to rule 37, if a party does not respond to an interrogatory or to a request for

production, the party requesting the discovery may move the Court to compel the opposing party

to respond.  See Fed. R. Civ. P. 37(a)(2)(B).  "[A]n evasive or incomplete disclosure, answer, or

response is to be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(3).

### LAW REGARDING RULE 45 SUBPOENAS

 Rule 45 of the Federal Rules of Civil Procedure governs the subpoena power of a federal

district court, and rule 45 provides that a subpoena can be served in a number of places:

 Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:

-16-

> (A)    within the district of the issuing court;
>
> (B)    outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;
>
> (C)    within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or
>
> (D)    that the court authorizes on motion and for good cause, if a federal statute so provides.

Fed. R. Civ. P. 45(b)(2).  Rule 45 requires a court to quash or modify a subpoena when certain conditions occur:

> (A)    **When Required.**  On timely motion, the issuing court must quash or modify a subpoena that:
>
> > (i)    fails to allow a reasonable time to comply;
> >
> > (ii)   requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person -- except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
> >
> > (iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> >
> > (iv)   subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A).  "[E]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999).

## ANALYSIS

The Court will not treat any of the parties' motions or responses as untimely.  The Court will

require Kendzior, one of Cabot's experts, to provide the information Wal-Mart has requested in its subpoena, other than publicly available materials, but will limit the scope of those requests to which he has not already responded to three years before the filing of the lawsuit and to other cases involving slips, trips, and falls as well as incidents involving mats. The Court will also require Kendzior to indicate on the description of previous cases in which he has been involved whether he provided trial testimony or testified in any depositions. The Court will require Wal-Mart to produce all documents or tangible things identifying and describing all grievances or complaints relating to trips, slips, and falls that have been filed against the Wal-Mart in Edgewood by any customer for the three years preceding the incident underlying this case. The Court will require Wal-Mart to provide more detailed responses regarding the nature of the documents listed in the disputed portions of the privilege log. The Court will require Wal-Mart to produce true and correct copies of any and all incident and/or accident reports for the three years preceding the incident underlying this lawsuit regarding slips, trips, and falls at the Wal-Mart in Edgewood. The Court will require Wal-Mart to produce any documents or tangible items that reflect any maintenance or repairs which were done to the entrance/vestibule where the incident underlying this lawsuit occurred that occurred following her fall and through the present date. Pursuant to the parties' agreement at the hearing, the Court will require production within ten days of entry of this order of any remaining responsive documents to Cabot's request for all practices, manuals, rules, regulations, policies and/or procedures for identifying, correcting, and/or providing warnings for hazardous areas, or foreign objects in and around the premises.

## I.    THE COURT WILL NOT TREAT ANY OF THE MOTIONS OR RESPONSES AS UNTIMELY.

Cabot asserts that Wal-Mart's Response to Motion to Modify the scope of the subpoena is

untimely.  See Reply to Response to Motion to Modify at 1-2.  Wal-Mart argues that Cabot's Motion to Compel is untimely on the basis that Cabot has not complied with the timing requirements in D.N.M.LR-Civ. 26.6.  See Response to Motion to Compel at 1.  Cabot argues that Wal-Mart's Response to Motion to Compel is untimely.  See Reply to Response to Motion to Compel at 1-2.

    While the Motion to Compel is untimely, the Court will consider the Motion to Compel. Wal-Mart served its objections on Cabot on July 11, 2011.  See RFP at 1; Response to Motion to Compel at 1.  Wal-Mart served its privilege log on Cabot on November 3, 2011.  See Response to Motion to Compel at 1.  Cabot filed her Motion to Compel on December 12, 2011.  The Court notes that Wal-Mart argued on the merits of the Motion to Compel at the hearing on January 23, 2012 and did not object to the Motion to Compel as untimely.

    D.N.M.LR-Civ. 26.6 provides that a party must bring a motion to compel discovery "within twenty-one (21) days of service of an objection unless the response specifies that documents will be produced or inspection allowed."  D.N.M.LR-Civ. 26.6.  If production or inspection is allowed, a party must proceed with a motion to compel "within twenty-one (21) days after production or inspection of the documents."  D.N.M.LR-Civ. 26.6.  "For good cause, the Court may, sua sponte or on motion by a party, change the twenty-one (21) day period."  D.N.M.LR-Civ. 26.6.  Under D.N.M.LR-Civ. 1.7, the local rules "may be waived by a Judge to avoid injustice."  D.N.M.LR-Civ. 1.7.  Many of Wal-Mart's discovery responses were deficient or non-responsive in light of the applicable request for production.  It also conditioned many of its responses on Cabot signing a confidentiality agreement.  Additionally, the Court believes that it should encourage parties to resolve their discovery disputes outside the courtroom rather than file a motion to compel any time they have a discovery suit.  In this instance, the Court believes that it would result in an injustice to enforce D.N.M.LR-Civ. 26.6 on the issue of timeliness and that there is good cause to allow filing

of the Motion to Compel outside the time period in D.N.M.LR-Civ. 26.6.  See Odom v. Potter, 379

F.App'x 740, 742 (10th Cir. 2010)(unpublished)("We review a district court's application of its local

rules for an abuse of discretion.").  The parties have been trying to resolve this dispute.  The Court

should not ignore reality and decide the motion on a procedural basis.  See Segarra v. Potter, No.

CIV-02-1413, 2004 WL 3426438, at *3 (D.N.M. Apr. 5, 2004)(Browning, J.)("Although the party

seeking discovery must bring motions to compel within 20 days of receiving timely objections, the

rules also require the parties to attempt to make a good faith effort to resolve discovery disputes

before the moving party brings the motion.").  The deadline is designed to prevent parties from

waiting a long time before filing their motion to compel discovery, such as on the eve of trial.

Hearing the motion will not delay the proceeding, but will likely advance them by resolving a

dispute between the parties over documents that may be material for the resolution of the case.

The Response to Motion to Modify and the Response to Motion to Compel are not untimely.

D.N.M.LR-Civ. 7.4(a) requires: "A response must be served and filed within fourteen (14) calendar

days after service of the motion."  D.N.M.LR-Civ 7.4(a).  Under rule 6(d) of the Federal Rules of

Civil Procedure and D.N.M.LR-Civ. 5.1(a), the use of electronic service extends the time for filing

a response by three days.  See Fed. R. Civ. P. 6(d); D.N.M.LR-Civ. 5.1(a).  Rule 6(a)(1)(C) provides

that, in calculating the days to respond to a motion, a court should "include the last day of the period,

but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end

of the next day that is not a Saturday, Sunday, or legal holiday."  Fed. R. Civ. P. 6(a)(1)(C).

Cabot filed her Motion to Modify on December 12, 2011.  Wal-Mart filed its Response to

Motion to Modify on December 30, 2011.  December 29, 2011, the date that is seventeen calendar

days after December 12, 2011, is a Sunday.  Thus, the period for time to respond continued to run

until Monday December 30, 2011, and the motion was timely.  See Fed. R. Civ. P. 6(a)(1)(C).

Cabot filed her Motion to Compel on December 12, 2011.  Wal-Mart filed its Response to Motion

to Compel on December 30, 2011.  For the same reasons that the Response to Motion to Modify was

timely, the Response to Motion to Compel was timely.  <u>See</u> Fed. R. Civ. P. 6(a)(1)(C).

## II.   THE COURT WILL LIMIT THE SCOPE OF THE REQUESTED DOCUMENTS CONTAINED IN THE SUBPOENA FOR KENDZIOR.

Rule 45 requires a court to quash or modify a subpoena when certain conditions occur:

(A)   **When Required.**  On timely motion, the issuing court must quash or modify
a subpoena that:

(i)   fails to allow a reasonable time to comply;

(ii)   requires a person who is neither a party nor a party's officer to travel
more than 100 miles from where that person resides, is employed, or
regularly transacts business in person -- except that, subject to Rule
45(c)(3)(B)(iii), the person may be commanded to attend a trial by
traveling from any such place within the state where the trial is held;

(iii)   requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or

(iv)   subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A).  "[E]ven if relevant, discovery is not permitted where no need is shown,

or compliance would be unduly burdensome, or where harm to the person from whom discovery is

sought outweighs the need of the person seeking discovery of the information."  <u>Miscellaneous

Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2</u>, 197 F.3d at 925.

Many of the requests contained in the Subpoena for Kendzior are unopposed.  The following

requests directed at Kendzior are disputed:

7.   A copy of all reports authored by you;

8.   A copy of any article authored by you;

9.   A copy of any lecture authored by you;

10.     A copy of any presentation by you;

11.     A copy of "Slip and Fall Prevention Made Easy' [sic]

12.     A copy of "Falls Aren't Funny";

13.     A copy of the materials used in the lectures and presentations referenced in
        the list you provided with your report (<u>attached</u>)

Subpoena at 4. Because copies of the material requested in Item 11 and 12 are publicly available,[2] the Court will not require Kendzior to produce those Items. A court "must limit the frequency or extent of discovery" when "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). <u>Accord</u> <u>Cent.</u> <u>Valley Chrysler Valley Jeep, Inc. v. Witherspoon</u>, No. CV-F-04-6663, 2006 WL 1883363, at *4 (E.D. Cal. July 7, 2006)(recognizing that the defendants did not need to produce "publicly available literature regarding global warming" under rule 26(b) as there was a more convenient, less burdensome, or less expensive manner to obtain the discovery). Wal-Mart should use its resources to determine if any of the articles or other information it requests from Kendzior are publicly available. The currently requested scope of discovery requires a voluminous amount of production from Kendzior given the length of time he has served as an expert. The request is unduly burdensome on Kendzior in relation to Wal-Mart's need for the information, which serves as a ground for modifying or quashing the subpoena under rule 45(c)(3)(A). Pursuant to the parties' agreement at the hearing, the Court will require Kendzior to provide the information Wal-Mart has

---

[2]Russell J. Kendzior, <u>Slip-and-Fall Prevention Made Easy: A Comprehensive Guide to</u> <u>P r e v e n t i n g     A c c i d e n t s</u>   ( 1 9 9 9 ) , http://www.amazon.com/Slip---Fall-Prevention-Made-Easy/dp/0865876649/ref=sr_1_1?ie=UTF 8&qid=1328047885&sr=8-1;   Russell J. Kendzior, <u>Falls Aren't Funny</u> (2010) http://www.amazon.com/Falls-Arent-Funny-Slip---Fall/dp/1605906964/ref=sr_1_1?ie=UTF8&q id=1328047809&sr=8-1;

requested in its subpoena, other than publicly available materials, but will limit the scope of those requests to which he has not already responded to three years before the filing of the lawsuit and to other cases involving slips, trips, and falls as well as incidents involving mats. The Court will also require Kendzior to indicate on his description of previous cases in which he has been involved whether he provided trial testimony or testified in any depositions in those proceedings.

## III.   THE COURT WILL COMPEL PRODUCTION OF CUSTOMER GRIEVANCES AND COMPLAINTS.

Regarding RFP No. 4, the Court will require Wal-Mart to produce all documents or tangible things identifying and describing all grievances or complaints relating to trips, slips, and falls that have been filed against the Wal-Mart in Edgewood by any customer for the three years preceding the incident underlying this case. The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information sought is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Federal courts have held that the scope of discovery under rule 26 is broad. See Gomez v. Martin Marietta Corp., 50 F.3d at 1520; Sanchez v. Matta, 229 F.R.D. at 654 ("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information.").

At the hearing, the parties agreed to the following limitation to the scope of the request in RFP No. 4: production of all documents or tangible things identifying and describing all grievances or complaints relating to trips, slips, and falls that have been filed against the Wal-Mart in Edgewood by any customer for the three years preceding the incident underlying this case. Furthermore, this requested evidence regarding customer grievances is relevant to show a variety of matters, including: (i) to show potential prior notice to Wal-Mart of similar incidents; (ii) to

impeach Wal-Mart's witnesses if they assert that no similar incidents have occurred in the store; and (iii) to prove that the mat or other conditions in the store were particularly likely to cause injuries. See Fed. R. Civ. P. 26(b)(1).  While some of this evidence may not ultimately be admissible at trial, the request falls within the permissible scope of discovery in that the requested evidence is reasonably likely to lead to the discovery of admissible evidence.  See Fed. R. Civ. P. 26(b)(1). Additionally, Wal-Mart's argument that events which occurred outside the entrance/vestibule area or without a mat could not be relevant for these purposes is unpersuasive.  At the very least, Cabot could use that evidence to impeach Wal-Mart's witnesses.  The request as modified is not overly broad or unduly burdensome.  The request as modified is also not vague or unclear, as it is specifically directed at incidents similar to the ones that occurred in this case.

## IV.   THE COURT WILL COMPEL MORE SPECIFIC DESCRIPTIONS OF SOME OF THE DOCUMENTS LISTED IN WAL-MART'S PRIVILEGE LOG.

Regarding RFP Nos. 8 and 9, the Court will require Wal-Mart to provide more detailed responses regarding the nature of the underlying documents listed in the disputed portions of the privilege log.  Rule 26(b)(5) provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i)     expressly make the claim; and
>
> (ii)    describe the nature of the documents, communications, or tangible things not produced or disclosed -- and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5).

Wal-Mart has not complied with the requirements in rule 26(b)(5)(ii) to describe the nature of the withheld documents, communications, or tangible things not produced or disclosed in a

manner that will enable other parties to assess the claim of privilege.  The excerpt from the privilege log identifies in a cursory manner several documents as follows: (i) "File Retention Request"; (ii) "File Retention Request"; (iii) "Claim Search"; and (iv) "Case Notes."  Privileged Document Log at 1 (dated July 11, 2011), filed December 12, 2011 (Doc. 45-4).  These responses do not allow Cabot to assess the contents of the document in a meaningful way to determine whether to challenge the claim of privilege.  The Court will require Wal-Mart to provide more specific descriptions of the privileged documents it has withheld.  Regarding the Claim Search entry, for example, Wal-Mart must describe in more detail this entry if the document relates to claims Cabot has filed against Wal-Mart or other slip-and-fall cases she has filed in the past.  If there is some potentially privileged or protected information that may be revealed by describing the document, such as that Wal-Mart conducted a search of all claims Cabot has ever filed, the Court would be willing to conduct an in camera review of the privilege log's description of the claim search before it is disclosed.  An entry may itself reveal work product.  If so, Wal-Mart may show it to the Court and redact it from the privilege log.  For the Case Notes entry, Wal-Mart must provide a more specific description of the underlying document, including a description of the individual pages of the documents, to allow Cabot to assess the merits of its claim of privilege.  Wal-Mart's argument that the underlying documents may be privileged are unavailing, because that argument does not address the purpose of a privilege log -- to assist opposing counsel in determining whether the underlying documents are privileged.  Lastly, these requests are not overly broad, as they relate directly to the underlying issues in this case.

## V.   THE COURT WILL COMPEL WAL-MART TO PROVIDE INCIDENT AND/OR ACCIDENT REPORTS REGARDING SIMILAR OCCURRENCES AS THE CURRENT CASE.

Regarding RFP No. 14, the Court will require Wal-Mart to produce true and correct copies

of any and all incident and/or accident reports for the three years preceding the incident underlying this lawsuit regarding slips, trips, and falls at the Wal-Mart in Edgewood. The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information sought is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Federal courts have held that the scope of discovery under rule 26 is broad. See Gomez v. Martin Marietta Corp., 50 F.3d at 1520. The federal discovery rules reflect the courts' and Congress' recognition that "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. at 507. As a result, rule 26 "contemplates discovery into any matter that bears on or that reasonably could lead to other matter[s] that could bear on any issue that is or may be raised in a case." Anaya v. CBS Broadcasting, Inc., 251 F.R.D. at 649-650 (internal quotation marks omitted).

How Wal-Mart responds to similar incidents could lead to admissible evidence as trial, such as evidence that would impeach Wal-Mart's witnesses or establish common responses to incidents, including delayed responses to an incident. The parties agreed at the hearing to narrow the scope of Regarding RFP No. 14, specifically to all incident and/or accident reports for the three years preceding the incident underlying this lawsuit regarding slips, trips, and falls at the Wal-Mart in Edgewood. Given the modification, the Court does not believe that the request is overly broad. It is likewise reasonably calculated to lead to the discovery of admissible evidence, such as to evidence regarding Wal-Mart's response to incidents similar to the one Cabot alleges occurred or to impeachment evidence. Limiting the request to incidents involving mats only would be unduly restrictive given the narrowness of that discovery and the broad discovery that rule 26 permits. This request is sufficiently narrow that the Court does not believe it is permitting Cabot to engage in a fishing expedition. Wal-Mart may also redact any names and other identifying information of

customers who were the subject of the incident or accident reports.  Wal-Mart is required only to produce the accident or incident reports at this time.  As necessary, Cabot might request additional information related to these grievances or complaints beyond the accident or incident report itself.

**VI.  THE COURT WILL COMPEL WAL-MART TO PROVIDE EVIDENCE REGARDING MAINTENANCE OR REPAIRS TO THE ENTRANCE/VESTIBULE AREA SINCE THE INCIDENT UNDERLYING THIS CASE OCCURRED.**

Regarding RFP No. 15, the Court will require Wal-Mart to produce any documents or tangible items which reflect any maintenance or repairs that were done to the entrance/vestibule where the incident at issue in this lawsuit occurred that occurred following her fall and through the present date.  Contrary to Wal-Mart's contentions, this evidence would be relevant to impeach Wal-Mart's witnesses if they contend that there were no safer or more feasible alternatives to the mat that was in the entrance/vestibule area.  See Fed. R. Evid. 407.  This evidence is not overly broad, as it relates to a narrow period of time following the incident underlying this case.  As modified, the request is not vague or ambiguous, because it applies to a specific area of the store and deals only with repairs and maintenance.  Based on the issue of subsequent remedial measures and the feasibility of precautionary measures, this evidence is related to Cabot's claims, contrary to Wal-Mart's contentions.

**VII.  THE COURT WILL COMPEL WAL-MART TO PROVIDE EVIDENCE RESPONSIVE TO RFP NO. 16 WITHIN TEN DAYS OF ENTRY OF THIS MEMORANDUM OPINION AND ORDER.**

At the January 23, 2012 hearing, Cabot stated regarding RFP No. 16 that the parties can likely work out the issue between themselves without Court intervention, to which Wal-Mart agreed.  See FTR 9:44:50-45:13 (Funk, Court, Langenwalter).  The Court suggested that it could place a deadline in an order for production of some of this responsive material.  See FTR 9:45:13-45:18 (Court).  The Court said that it would put in a limit of ten days from entry of the order for production

-27-

of the responsive documents.  See FTR 9:45:40-45:51 (Court).  Pursuant to the parties' agreement at the hearing, the Court will require production within ten days of entry of this order of any remaining responsive documents to Cabot's request for all practices, manuals, rules, regulations, policies and/or procedures for identifying, correcting, and/or providing warnings for hazardous areas, or foreign objects in and around the premises.

**IT IS ORDERED** that the Court will grant in part and deny in part: (i) the Plaintiff's Motion to Modify Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, filed December 12, 2011 (Doc. 43); and (ii) the Plaintiff's First Motion to Compel, filed December 12, 2011 (Doc. 45).  Pursuant to the parties' agreement at the hearing, the Court will require Defendant Wal-Mart Stores, Inc. to produce within ten days of entry of this order of any remaining responsive documents to Plaintiff Deborah Cabot's request for all practices, manuals, rules, regulations, policies and/or procedures for identifying, correcting, and/or providing warnings for hazardous areas, or foreign objects in and around the premises.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Turner W. Branch
Sibylle Ehresmann
Branch Law Firm
Albuquerque, New Mexico

*--and--*

Adam T. Funk
Branch Law Firm
Houston, Texas

 *Attorneys for the Plaintiff*

-28-

Craig W. Phillips
Lewis and Roca, LLP
Phoenix, Arizona

*--and--*

Erin Langenwalter
Joseph Edmunds
Lewis and Roca, LLP
Albuquerque, New Mexico

   *Attorneys for Wal-Mart Stores, Inc.*