IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBORAH CABOT,

        Plaintiff,

vs.                                                                          No. CIV 11-0260 JB/RHS

WAL-MART STORES, INC. and,
JOHN DOES 1-10,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Leave to File Amended Pleading, filed January 26, 2012 (Doc. 74)("Motion"). The Court held a hearing on February 24, 2012. The primary issues are: (i) whether the Court should permit Plaintiff Deborah Cabot to amend her pleadings; and (ii) whether the Court should permit Cabot to include a photograph within her pleadings. The Court will grant the Motion in part and deny the Motion in part. Because Defendant Wal-Mart Stores, Inc. does not oppose the Motion, except on the basis that it seeks to include a photograph in the proposed pleading, the Court will grant the Motion except as to the inclusion of the photograph in the pleading. The Court concludes that the Federal Rules of Civil Procedure contemplate statements and allegations in parties' pleadings, thus implicitly excluding matters such as photographs, videos, three-dimension models, and objects. It is, thus, not appropriate for Cabot to include the photograph in her proposed pleading as part of her amended pleading. Because Wal-Mart does not oppose the photograph appearing as an exhibit to Cabot's pleading, the Court will deny the Motion with respect to the inclusion of the photograph in the body of the pleading. Cabot may include the photograph as an exhibit to her pleading.

**PROCEDURAL BACKGROUND**

On March 3, 2011, Cabot filed her Complaint for Personal Injuries. See Doc. 1-1 ("Complaint"). She alleges that she was in Wal-Mart's store walking about with her walker and "tripped on an entrance mat that was inadequately attached to the floor and had worn duct tape loosely affixed to its edges." Complaint ¶ 9, at 4. She brought a claim for negligence and also seeks punitive damages for reckless conduct. See Complaint at ¶¶ 20-31, at 5-6. Wal-Mart removed the case to federal court on March 24, 2011. See Notice of Removal at 1 (Doc. 1).

On July 20, 2011, the parties adopted a Joint Status Report and Provisional Discovery Plan that set a date of September 1, 2011, as the date by which Cabot must move to amend her pleadings. See Joint Status Report and Provisional Discovery Plan at 2 (Doc. 16)("JSR"). On August 26, 2011, the Court issued its Order Adopting Joint Status Report and Provisional Discovery Plan. See Doc. 21. On January 5, 2012, the parties submitted a Joint Motion for Amendment of Scheduling Order that did not address the deadline for filing motions to amend the parties' pleadings. See Doc. 61. The Court's Order Amending Scheduling Order, which it filed on January 11, 2012, did not address the deadline for filing motions to amend the parties' pleadings. See Doc. 69.

On January 26, 2012, Cabot filed her Motion. She notes that leave to amend should be freely given when justice so requires. See Motion at 1. She argues that "it is appropriate and necessary" to permit her to amend her pleadings based on information she recently discovered. Motion at 2. Cabot asserts that Wal-Mart will not suffer any prejudice as a result of the amendment. See Motion at 2. The second page of the proposed pleading contains a picture of what Cabot asserts is the entrance mat on which she tripped in Wal-Mart's store in Edgewood, New Mexico. See First Amended Complaint for Personal Injuries at 6, filed January 26, 2012 (Doc. 74).

On January 30, 2012, Wal-Mart filed its response to the Motion. See Doc. 76 ("Response").

Wal-Mart "opposes Plaintiff's motion on the grounds that Plaintiff's proposed Amended Complaint includes a photograph within the text of the pleading that is inappropriate and prejudicial to Defendant."  Response at 1.  Wal-Mart argues that Cabot cannot show good cause for the amendment.  See Response at 2-3.  It asserts that it would be unduly prejudiced by the amendment.  See Response at 3-4.  It contends that the "Plaintiff's inclusion of a picture in the Complaint would cause the Defendant undue prejudice," because "[t]he picture can only be intended to inflame the Court and prejudice Defendant."  Response at 4.  Cabot filed a reply brief on February 7, 2012 asserting that Wal-Mart has cited no authority for the proposition that the photograph attached to the pleading is prejudicial.  See Doc. 77.

At the hearing on February 24, 2012, Cabot emphasized the importance of the material contained in the photograph to her case in establishing liability.  See Transcript of Hearing at 3:9-18 (taken February 24, 2012)(Funk)("Tr.").[1]  Cabot noted that the picture is from a friend of hers who was at the store.  See Tr. at 3:23-25 (Funk).  Wal-Mart represented that it did not oppose the Motion except to the extent Cabot seeks to include a picture in her pleadings.  See Tr. at 6:11-19 (Court, Edmunds).  Wal-Mart stated that it does not oppose Cabot including the photograph as an exhibit attached to the proposed complaint as opposed to within the proposed complaint's body.  See Tr. at 6:20-7:4 (Court, Edmunds).  Wal-Mart also noted the difficultly of admitting or denying the photograph in its answer given that it is not an allegation but a photograph.  See Tr. at 7:11-8:12 (Court, Edmunds).  Wal-Mart asserted that it opposes the amendment as improper under rule 15 and/or rule 16 of the Federal Rules of Civil Procedure.  See Tr. at 9:7-11:15 (Edmunds, Court).

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

## LAW REGARDING RULES 8 AND 10

Rule 8(a) of the Federal Rules of Civil Procedures states:

(a) **Claim for Relief.** A pleading that states a claim for relief must contain:

    (1) a short and plain <u>statement</u> of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

    (2) a short and plain <u>statement</u> of the claim showing that the pleader is entitled to relief;

Fed. R. Civ. P. 8(a) (emphasis added). Other rules use the terms "allegation" and "statement":

(d) **Pleading to Be Concise and Direct; Alternative <u>Statements</u>; Inconsistency.**

    (1) **In General.** Each <u>allegation</u> must be simple, concise, and direct. No technical form is required.

    (2) **Alternative Statements of a Claim or Defense.** A party may set out 2 or more <u>statements</u> of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative <u>statements</u>, the pleading is sufficient if any one of them is sufficient.

    (3) **Inconsistent Claims or Defenses.** A party may <u>state</u> as many separate claims or defenses as it has, regardless of consistency.

Fed. R. Civ. P. 8(d) (emphasis added). <u>Accord</u> Fed. R. Civ. P. 9(a)(2) ("which must state"); <u>id</u>. 9(b) ("a party must state"); <u>id</u>. 9(c) ("allege"); <u>id</u>. 9(d) ("allege"); <u>id</u>. 9(g) ("specifically stated").

Rule 10 deals with the "**FORM OF PLEADINGS**." Fed. R. Civ. P. 10. Rule 10(b) and (c) provide:

(b) **Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence -- and each defense other than a denial -- must be stated in a separate count or defense.

> (c) **Adoption by Reference; Exhibits.** A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

Fed. R. Civ. P. 10(b)-(c). "[I]n deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint." Oxendine v. Kaplan, 241 F.3d 1272, 1275 (10th Cir. 2001). Accord Hall v. Bellmon, 935 F.2d 1106, 1112 (10th Cir. 1991)("A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal.").

Rule 10(c) refers to "written instrument[s]." Fed. R. Civ. P. 10(c). In interpreting rule 10(c), the United States Court of Appeals for the Third Circuit has stated: "The case law demonstrates, however, that the types of exhibits incorporated within the pleadings by Rule 10(c) consist largely of documentary evidence, specifically, contracts, notes, and other 'writing[s] on which [a party's] action or defense is based.'" Rose v. Bartle, 871 F.2d 331, 339 n.3 (3d Cir. 1989)(alterations in original). The United States Court of Appeals for the Seventh Circuit held that "newspaper articles, commentaries and editorial cartoons" attached to a complaint to refer to a "scandal" underlying a dispute were "not the type of documentary evidence or 'written instrument[s]' which Fed. R. Civ. P. 10(c) intended to be incorporated into, and made a part of, the complaint." Perkins v. Silverstein, 939 F.2d 463, 467 n.2 (7th Cir. 1991).

D.N.M.LR-Civ. 10.4 states: "**Attachments to Pleadings.** Exhibits are not attached to a pleading unless the documents attached from the basis for the action or defense."[2] The Honorable

---

[2] "[L]ocal rules of practice, as adopted by the district court, have the force and effect of law, and are binding upon the parties and the court which promulgated them . . . ." Lowery v. City of Albuquerque, No. 09-0457, 2011 WL 1336670, at *1 (D.N.M. Mar. 31, 2011)(Browning, J.)(alteration in original)(quoting Smith v. Ford Motor Co., 626 F.2d 784, 796 (10th Cir. 1980)).

Edwin L. Mechem, former United States District Judge for the District Judge for the District of New Mexico, did not think that pleadings should have attachments. The bar and the other judges in this district thought otherwise. The local civil rules, which have been effective in for approximately eighteen years from the time they were separated from the local criminal rules and local bankruptcy rules, were the compromise.

## LAW REGARDING AMENDMENT OF PLEADINGS

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under rule 15(a), the court should freely grant leave to amend a pleading where justice so requires. See In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. 571, 579-80 (D.N.M. 2010)(Browning, J.); Youell v. Russell, No. 04-1396, 2007 WL 709041, at *1-2 (D.N.M. Feb. 14, 2007)(Browning, J.); Burleson v. ENMR-Plateau Tele. Coop., No. 05-0073, 2005 WL 3664299, at *1-2 (D.N.M. Sept. 23, 2005)(Browning, J.). The Supreme Court of the United States has stated that, in the absence of an apparent reason such as "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to amend should be freely given. Fomen v. Davis, 371 U.S. 178, 182 (1962). Furthermore, the United States Court of Appeals for the Tenth Circuit has held that district courts should grant a plaintiff leave to amend when doing so would yield a meritorious claim. See Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001). See also In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579-80.

A court should deny leave to amend under rule 15(a), however, where the proposed "amendment would be futile." Jefferson Cnty. Sch. Dist. v. Moody's Investor's Serv., 175 F.3d 848,

859 (10th Cir. 1999). See In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579-80. An amendment is "futile" if the pleading "as amended, would be subject to dismissal." In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579-80 (citing TV Commc'ns Network, Inc. v. Turner Network Television, Inc., 964 F.2d 1022, 1028 (10th Cir. 1992)). A court may also deny leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, [or] failure to cure deficiencies by amendments previously allowed." In re Thornburg Mortg., Inc. Sec. Litig., 265 F.R.D. at 579 (quoting Frank v. U.S. W., Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993)). The Tenth Circuit has also noted:

> It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, see Woolsey v. Marion Laboratories, Inc., 934 F.2d 1452, 1462 (10th Cir. 1991); Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990); First City Bank v. Air Capitol Aircraft Sales, 820 F.2d 1127, 1133 (10th Cir. 1987), especially when the party filing the motion has no adequate explanation for the delay, Woolsey, 934 F.2d at 1462. Furthermore, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." Las Vegas Ice, 893 F.2d at 1185.

Frank v. U.S. W., Inc., 3 F.3d at 1365-66. "The . . . Tenth Circuit has emphasized that '[t]he purpose of [rule 15(a)] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" B.T. ex rel. G.T. v. Santa Fe Pub. Schs., No. 05-1165, 2007 WL 1306814, at *2 (D.N.M. Mar. 12, 2007)(Browning, J.)(quoting Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006)).

The Tenth Circuit has recognized that there is an open issue as to rule 16's application to amendments to pleadings once the time for seeking leave for pleading amendments has passed under a scheduling order. See Bylin v. Billings, 568 F.3d 1224, 1232 n.10 (10th Cir. 2009)("Because we decline to consider the Bylins' Rule 16 argument, we leave for another day the question of whether

this circuit should apply Rule 16 when a party seeks to amend a pleading after a court-imposed deadline."). "Rule 16 only allows such amendments for 'good cause,' an arguably more stringent standard than the standards for amending a pleading under Rule 15." Bylin v. Billings, 568 F.3d at 1230 (quoting Fed. R. Civ. P. 16(b)(4)). Rule 16(b)(4) states: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The rule "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." Advanced Optics Elecs., Inc. v. Robins, 769 F.Supp.2d 1285, 1313 (D.N.M. 2010)(Browning, J.). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." Advanced Optics Elecs., Inc. v. Robins, 769 F.Supp.2d at 1313. See Gerald v. Locksley, No. 10-0721, 2011 WL 3510845, at *13-14 (D.N.M. Aug. 1, 2011)(Browning, J.)(same).

The Tenth Circuit has interpreted rule 16 as imposing a "good cause" standard to untimely motions to amend when a scheduling order governs the case. See Minter v. Prime Equip. Co., 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). "This requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." Minter v. Prime Equip. Co., 451 F.3d at 1205 n.4. The Tenth Circuit has noted that there is a "'rough similarity' between the 'undue delay' standard of Rule 15 and the 'good cause' standard of Rule 16." Bylin v. Billings, 568 F.3d at 1231. Thus, the Tenth Circuit has indicated that the application of the rule 16 standard will often lead to the same outcome as applying the rule 15 standard. See Bylin v. Billings, 568 F.3d at 1231-32.

This Court has previously stated that its rule 16(b) good-cause inquiry focuses on the diligence of the party seeking amend the scheduling. See Walker v. THI of N.M. at Hobbs Ctr., 262 F.R.D. 599, 602-03 (D.N.M. 2009)(Browning, J.); Guidance Endodontics, LLC v. Dentsply Int'l,

-8-

Inc., No. 08-1101, 2009 WL 3672505, at *2-3 (D.N.M. Sept. 29, 2009)(Browning, J.); Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs., Nos. 02-1146 and 03-1185, 2007 WL 2296955, at *3 (D.N.M. June 5, 2007)(Browning, J.).  The United States District Court for the District of South Carolina has stated:

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997)(citations omitted), aff'd on other grounds, 129 F.3d 116 (4th Cir. 1997).  See Denmon v. Runyon, 151 F.R.D. 404, 407 (D. Kan. 1993)(affirming an order denying the plaintiff's motion to amend after the deadline the scheduling order established had passed and stating that, "[t]o establish 'good cause,' the party seeking to extend the deadline must establish that the scheduling order's deadline could not have been met with diligence"). Cf. SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1518-19 (10th Cir. 1990)(affirming, under rule 16(b), denial of a motion to amend an answer to include a compulsory counterclaim filed three months after the scheduling order deadline).

In In re Kirkland, 86 F.3d 172 (10th Cir. 1996), the Tenth Circuit dealt with the definition of "good cause" in the context of rule 4(j).[3]  The Tenth Circuit noted:

---

[3]The version of rule 4(j) the Tenth Circuit discussed in In re Kirkland was the version in effect after the 1983 amendments to rule 4(j).  That version of rule 4(j) provided:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period,

> [W]ithout attempting a rigid or all-encompassing definition of "good cause," it would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified" is normally required.

86 F.3d at 175 (emphasis omitted)(internal quotation marks omitted)(quoting Putnam v. Morris, 833 F.2d 903, 905 (10th Cir.1987)). The Tenth Circuit explained that Putnam v. Morris "thus recognized that the two standards, although interrelated, are not identical and that 'good cause' requires a greater showing than 'excusable neglect.'" In re Kirkland, 86 F.3d at 175.

Other courts within the Tenth Circuit have held that "the 'good cause' standard primarily considers the diligence of the party . . . [.] The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Pulsecard, Inc. v. Discover Card Servs. Inc., 168 F.R.D. 295, 301 (D. Kan. 1996)(alterations in original)(internal quotation marks omitted). In the United States District Court for the District of Utah, the Honorable Dale A. Kimball, United States District Judge, found "good cause" existed to amend the court's scheduling order when the court decided to permit the plaintiff's counsel to withdraw as counsel. Kee v. Fifth Third Bank, No. 2:06-cv-00602-DAK-PMW, 2008 WL 183384, at *1 (D. Utah Jan. 17, 2008). Judge Kimball reasoned: "[I]n light of the court's decision to permit [counsel] to withdraw . . . the court has determined that good cause exists for amending the existing scheduling order." Kee v. Fifth Third Bank, 2008 WL 183384, at *1.

---

> the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

Act of Feb. 26, 1983, Pub. L. No. 97-462, 96 Stat. 2527.

## ANALYSIS

The Court will grant the Motion in part and deny the Motion in part. Because Wal-Mart does not oppose the Motion, except on the basis that it seeks to include a photograph in the proposed pleading, the Court will grant the Motion except as to the inclusion of the photograph in the pleading. The Court concludes that the Federal Rules of Civil Procedure contemplate statements and allegations in parties' pleadings, thus implicitly excluding matters such as photographs, videos, three-dimension models, and objects. See Knight v. Comm'r, 552 U.S. 181, 187 (2008)(stating, as a canon of construction, that: "We start, as always, with the language of the statute."); Christensen v. Harris Cnty., 529 U.S. 576, 583 (2000)("[W]hen a statute limits a thing to be done in a particular mode, it includes a negative of any other mode.").[4] It is, thus, not appropriate for Cabot to include the photograph in her proposed pleading as part of her amended pleading. Because Wal-Mart does not oppose the photograph appearing as an exhibit to Cabot's pleading, the Court will deny the Motion with respect to the inclusion of the photograph in the body of the pleading. Cabot may include the photograph as an exhibit to her pleading.

Ultimately, Cabot will be able to rely on the photograph whether she includes the photograph in her pleadings or as an exhibit to her pleadings, because "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). While the Court is not certain that it will prejudice Wal-Mart to have to file an answer and respond to this photograph as an allegation within the body of Cabot's pleadings, the plain language of the

---

[4]"The rules of statutory construction apply to the Federal Rules . . . ." In re Kubler, No. 11-0048, 2012 WL 394680, at *11 (D.N.M. Jan. 25, 2012)(Browning, J.). Accord Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)(applying the expressio unius est exclusio alterius canon when interpreting rule 9(b) of the Federal Rules of Civil Procedure); Hillis v. Heineman, 626 F.3d 1014, 1017-18 (9th Cir. 2010)("This same principle of statutory construction applies to interpreting the Federal Rules of Civil Procedure.").

applicable federal rules does not contemplate objects, such as photographs, within the body of parties' pleadings. See Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 194 (1985)("Statutory construction must begin with the language employed by [the writer] and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose."). An allegation is "a claim or assertion that someone has done something illegal or wrong." New Oxford American Dictionary 42 (A. Stevenson & C.A. Lindberg eds., 3d ed. 2010)(emphasis added). Likewise, a statement is "a definite or clear expression of something in speech or writing." New Oxford American Dictionary, supra, at 42 (emphasis added). The ordinary meaning of those terms does not contemplate objects, such as photographs. Nevertheless, a party can probably ascertain how to admit or deny a photograph, as it would not be overly difficult to deny the picture's authenticity or state that the party does not have enough information to admit or deny the contents of the photograph. At one level, the Court's holding may seem petty. It might seem that allowing one photograph in the body hardly can cause much harm and that the Court should not bar such a small piece of evidence in the body of the complaint. On the other hand, practicality is generally not an exception to the plain language of a rule or statute. Furthermore, there does not appear to be a need to depart from the canon of construction that requires a court interpret a statute according to its plain language.

       The photograph appears to be similar to the "newspaper articles, commentaries and editorial cartoons" the Seventh Circuit found to be improper exhibits under rule 10(c). Perkins v. Silverstein, 939 F.2d at 467 n.2. Photographs of floor mats do not appear to be the kind of written instruments rule 10(c) or D.N.M.LR-Civ 10.4 contemplate as an exhibit to a complaint. The evidence is not the kind of "documentary evidence, specifically, contracts, notes, and other 'writing[s] on which [a party's] action or defense is based'" that courts typically permit parties to attach to their pleadings

under rule 10(c). Rose v. Bartle, 871 F.2d at 339 n.3. Cabot's Motion seeking leave to amend is also untimely, as the parties' JSR required Cabot to seek leave to amend her pleadings by September 1, 2011. Wal-Mart has opposed the Motion, however, only to the extent that Cabot seeks to include the photograph within the body of the proposed complaint. Wal-Mart does not oppose having Cabot attach the photograph as an exhibit to the proposed complaint. Regardless whether the photograph is in the body of the complaint or attached as an exhibit to a complaint, Cabot may rely on the photograph to rebut a motion to dismiss -- assuming considering the photograph would otherwise be appropriate. See Fed. R. Civ. P. 10(c); Hall v. Bellmon, 935 F.2d 1106, 1112 (10th Cir. 1991)("A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal."). Thus, the Court believes it is appropriate to require Cabot to file the photograph as an exhibit as opposed to include it in the body of her complaint.

**IT IS ORDERED** that the Plaintiff's Motion for Leave to File Amended Pleading, filed January 26, 2012 (Doc. 74), is granted in part and denied in part. The only aspect of the Motion which the Court will deny is that Plaintiff Deborah Cabot must include the photograph contained in her proposed pleading as an exhibit to her amended pleading as opposed to within the body of the pleading.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Turner W. Branch
Sibylle Ehresmann
Branch Law Firm
Albuquerque, New Mexico

*--and--*

Adam T. Funk
Branch Law Firm
Houston, Texas

    *Attorneys for the Plaintiff*

Craig W. Phillips
Lewis and Roca, LLP
Phoenix, Arizona

*--and--*

Erin Langenwalter
Joseph Edmunds
Lewis and Roca, LLP
Albuquerque, New Mexico

    *Attorneys for Wal-Mart Stores, Inc.*