# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DEBORAH CABOT,

      Plaintiff,

vs.                                                                                   No. CIV 11-0260 JB/RHS

WAL-MART STORES, INC. and,
JOHN DOES 1-10,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Defendant's Expedited Motion for Status Conference and to Limit Time for Plaintiff to Respond to Supplemental Discovery to Ten (10) Days, filed April 6, 2012 (Doc. 92)("Motion").  The Court held a hearing on April 10, 2012.  The primary issues are: (i) whether the Court should hold a status conference in light of Plaintiff Deborah Cabot's[1] death; (ii) whether the Court should impose a ten-day deadline to respond to Defendant Wal-Mart Stores, Inc.'s supplemental discovery requests; (iii) whether the Court should stay the proceedings; (iv) whether the Court should extend the current discovery deadline of June 22, 2012; and (v) whether the Court should reschedule the current trial setting of July 23, 2012.  For the reasons stated on the record, and for further reasons stated herein, the Court will grant in part and deny in part the Motion.  The Court will grant the request for a status conference given the recent development that Cabot has died.  The Court will grant the request in the Motion that seeks to impose a ten-day limit on the response time for the supplemental interrogatories Wal-Mart has

---

[1]While the Court acknowledges that Cabot has died, the Court will continue to refer to the Plaintiff as Cabot given that there has been no substitution of a personal representative or other individual to litigate this case on Cabot's behalf.

served on Cabot.  The Court will deny the request for an expedited response to the supplemental requests for production Wal-Mart has served on Cabot given that Cabot has little control over when the respective medical facilities will produce the documents Wal-Mart seeks.  Given that Wal-Mart has clarified that it does not seek a stay of the proceedings, the Court will not stay the proceedings. The Court will deny the requests to extend the current discovery deadlines and to move the current trial setting without prejudice to Wal-Mart renewing the requests at a later date; the Court believes that the relatively non-complex nature of this case and the remaining time pending before the July 23, 2012, trial setting and the June 22, 2012, discovery deadline are sufficient to allow Wal-Mart to obtain the discovery it needs and to otherwise defend this case.  The Court will be liberal in granting any reasonable request for an extension of deadlines if new circumstances arise and/or the current timeframe is not adequate.

## PROCEDURAL BACKGROUND

On March 3, 2011, Cabot filed her Complaint for Personal Injuries.  See Doc. 1-1 ("Complaint").  She alleges that she was in Wal-Mart's store walking about with her walker, and "tripped on an entrance mat that was inadequately attached to the floor and had worn duct tape loosely affixed to its edges."  Complaint ¶ 9, at 4.  She brought a claim for negligence and also seeks punitive damages for reckless conduct.  See Complaint at ¶¶ 20-31, at 5-6.  Wal-Mart removed the case to federal court on March 24, 2011.  See Notice of Removal at 1 (Doc. 1).  In a January 11, 2012, order adopting the parties' joint motion to extend discovery deadlines, the Court set a June 22, 2012, deadline for all discovery in this case.  See Order Amending Scheduling Order at 1 (Doc. 69).  The case is currently set for trial on July 23, 2012.  See Stipulated Order Vacating Jury Selection/Trial at 1, filed October 20, 2011 (Doc. 23).

On April 6, 2012, Wal-Mart filed its Motion.  See Doc. 92.  It "moves the Court for a status

conference to address the deadlines for discovery in light of the Plaintiff's recent death." Motion at 1. Wal-Mart "further requests that the Court order Plaintiff to respond to pending supplemental discovery requests within ten (10) days." Motion at 1. Wal-Mart notes that "Plaintiff's counsel notified" it "via email on Thursday March 29, 2012 that the Plaintiff had passed away" and that "[n]o further information was given." Motion at 1. It asserts that Cabot "has not filed any suggestion of death or moved for substitution of Plaintiff's estate or another party." Motion at 2. Wal-Mart asserts that it "was not aware that Plaintiff was facing an immediate threat of death or loss of life, nor did they have reason to believe she would suffer an untimely death." Motion at 2. It argues that "[t]he cause of death of the Plaintiff, the circumstances surrounding her death, the nature of her medical condition and the opinions of treating physicians and other medical professions regarding these matters are material to the determination of Plaintiff's claims and Wal-Mart's defenses." Motion at 2. Wal-Mart contends that "Plaintiff's counsel was unable to provide a timeframe for the information" regarding Cabot's death, "or to confirm or deny that Plaintiff would be asserting Wal-Mart's negligence was related to her death." Motion at 2. It notes that it "served Plaintiff with supplemental discovery" related to Cabot's death on April 6, 2012. Motion at 2. Wal-Mart requests that the Court "expedite the deadline for Plaintiff's responses to the discovery due to the impending deadlines for discovery, disclosure of experts, and dispositive motions," and that the Court direct Cabot "to respond within ten (10) days." Motion at 3. Wal-Mart asserts that it cannot adequately prepare for trial or present admissible evidence without the requested information. See Motion at 3. Wal-Mart contends that its "[a]ttempts to confer with Plaintiff's counsel for an extension of time to exchange information regarding these matters have been unsuccessful," and that "[r]equests to Plaintiff's counsel to stay this matter pending receipt of information regarding Plaintiff's death, or for an extension of time to respond to Plaintiff's Motion for Summary Judgment

in order to obtain such information, were denied."  Motion at 2.  Cabot did not file a written response.

At the April 10, 2012 hearing, Cabot noted that she could respond to the interrogatories that were part of the supplemental discovery within a few days.  See Transcript of Hearing at 2:13-20 (taken April 10, 2012)(Funk)("Tr.").[2]  Cabot asserted that it would not likely be possible to respond to Wal-Mart's supplemental requests for production within ten days, because she has to obtain the requested documents from medical facilities who have not yet produced the requested records.  See Tr. at 2:13-20 (Funk).  The Court asked how much time Cabot would need to respond to the supplemental requests for production, and Cabot responded that she has no control over how long it will take the medical facilities to produce the respective records.  See Tr. at 3:8-19 (Court, Funk). Cabot estimated that it would take between two to six weeks to obtain the records.  See Tr. at 3:13-19 (Funk).  The Court proposed setting a ten-day deadline for responding to the supplemental interrogatories, and leaving in place the deadline prescribed by the Federal Rules of Civil Procedure for responding to the supplemental requests for production.  See Tr. at 4:8-17 (Court).  Wal-Mart responded that, given the discovery deadline of June 22, 2012, and the trial setting of July 23, 2012, it will not have sufficient time to obtain all the information it needs regarding Cabot's death.  See Tr. at 4:17-5:21 (Langenwalter).  Wal-Mart also asserted that it does not have sufficient discovery to respond to the Plaintiff's pending motion for summary judgment.  See Tr. at 5:22-6:3 (Langenwalter). Wal-Mart represented that it has concerns that there will be a wrongful death claim asserted against it, particularly because Cabot would not confirm or deny that there would be such a claim.  See Tr. at 6:8-7:6 (Langenwalter).  Wal-Mart noted that it had information that Cabot was

_____

[2]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

seeing various physicians shortly before her death and that information from these physicians could be important discovery material.  See Tr. at 7:14-8:8 (Langenwalter).

Cabot responded that there is no need to move the current deadlines, because she may not assert a wrongful death claim based on the lack of information she currently has about the cause of death.  See Tr. at 8:12-23 (Funk).  Cabot agreed that there was a possibility that an extension would be necessary if she decides to assert a wrongful death claim.  See Tr. at 9:2-10 (Funk).  Wal-Mart noted that the extent of the injuries Cabot has suffered will still be at issue even if there is no wrongful death claim.  See Tr. at 9:13-24 (Langenwalter).  Cabot responded that she cannot assert matters not contained in her pleadings and that a motion in limine may be the proper method of resolving this matter.  See Tr. at 9:25-10:8 (Funk).  Wal-Mart clarified that it was not requesting a stay of the proceedings.  See Tr. at 10:9-22 (Court, Langenwalter).  The Court then granted the Motion in part and denied it in part by: (i) granting the request for a status conference; (ii) granting the request in the Motion seeking a ten-day limit on the response time for supplemental interrogatories; (iii) denying the request seeking an expedited response to the supplemental requests for production; (iv) not staying discovery or the case; and (v) denying any requests to extend current deadlines or to move the trial setting with the recognition that it may later become necessary to extend deadlines or move the trial setting.  See Tr. at 10:23-12:6 (Court).  The Court noted that it would be liberal in granting any reasonable request for an extension of deadlines if new circumstances arose.  See Tr. at 11:19-12:6 (Court).  On April 11, 2012, Cabot filed her Suggestion of Death Upon the Record to suggest "the death of Plaintiff upon the record" and to clarify that "the exact date of death is March 28, 2012."  Doc. 96, at 1.

## ANALYSIS

For the reasons stated on the record, and for further reasons stated herein, the Court will

grant in part and deny in part the Motion.  The Court will grant the request for a status conference given the recent development that Cabot has died.  The Court will grant the request in the Motion that seeks to impose a ten-day limit on the response time for the supplemental interrogatories Wal-Mart has served on Cabot.  The Court will deny the request for an expedited response to the supplemental requests for production Wal-Mart has served on Cabot given that Cabot has little control over when the respective medical facilities will produce the documents Wal-Mart seeks. Given that Wal-Mart has clarified that it does not seek a stay of the proceedings, the Court will not stay the proceedings. The Court will deny the requests to extend the current discovery deadlines and to move the current trial setting without prejudice to Wal-Mart renewing the requests at a later date; the Court believes that the relatively non-complex nature of this case and the remaining time pending before the July 23, 2012, trial setting and the June 22, 2012, discovery deadline are sufficient to allow Wal-Mart to obtain the discovery it needs and to otherwise defend this case.  The Court will be liberal in granting any reasonable request for an extension of deadlines if new circumstances arise and/or the current timeframe is not adequate.

The Court recognizes that Wal-Mart finds itself in a somewhat difficult position given the timing of Cabot's death and that her death may impact some of the issues in this case.  The parties may need additional time to prepare the case based on delays in obtaining the medical records that relate to Cabot's death or other matters that arise in relation to her death -- including the assertion of a wrongful death claim.  If those things occur, the Court will be receptive to reasonable requests to extend discovery deadlines and to vacate the current trial setting.  The Court believes that, however, on the current record and at the present time, there is sufficient time to resolve these matters under the current deadlines.  Additionally, many of Wal-Mart's concerns may be resolved with a motion in limine that would limit the manner in which Cabot may present evidence regarding

the recent death to the jury.

**IT IS ORDERED** that the Defendant's Expedited Motion for Status Conference and to Limit Time for Plaintiff to Respond to Supplemental Discovery to Ten (10) Days, filed April 6, 2012 (Doc. 92), is granted in part and denied in part.  The Court will grant the request for a status conference.  The Court will grant the request in the Motion that seeks to impose a ten-day limit on the response time for the supplemental interrogatories which Defendant Wal-Mart Stores, Inc. has served on Plaintiff Deborah Cabot.  The Court will deny the request for an expedited response to the supplemental requests for production Wal-Mart has served on Cabot.  The Court will not stay the proceedings.  The Court will deny the requests to extend the current discovery deadlines and to move the current trial setting without prejudice to Wal-Mart renewing the requests at a later date.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Turner W. Branch
Sibylle Ehresmann
Branch Law Firm
Albuquerque, New Mexico

*--and--*

Adam T. Funk
Branch Law Firm
Houston, Texas

    *Attorneys for the Plaintiff*

Craig W. Phillips
Lewis and Roca, LLP
Phoenix, Arizona

*--and--*

Erin Langenwalter
Joseph Edmunds
Lewis and Roca, LLP
Albuquerque, New Mexico

*Attorneys for Wal-Mart Stores, Inc.*